■ MANNIE FEDER, Doing Business as BEAM MUSIC Co., Appellant, v. FRANK CALIGUIRA, Doing Business as FRANK'S PIZZERIA and RESTAURANT, Respondent.— Appeal, by permission of the Appellate Term, from an order of that court which (1) reversed an order of the Municipal Court of the City of New York, Borough of Brooklyn, First District, which granted appellant's cross motion for summary judgment striking out the answer, and (2) reversed an order of said court which denied respondent's motion for summary judgment dismissing the complaint. The notice of appeal states that appeal is also taken from a judgment, entered in the office of the clerk of the Municipal Court, upon the order of the Appellate Term. Appellant sued to recover damages for breach of a contract to install and maintain a coin-operated phonograph on respondent's premises. Order modified by striking from the decretal paragraph the words "reversed on the law without costs" and by substituting therefor the words "affirmed without costs". As so modified, order affirmed, without costs. The agreement is not a lease of personal property within the description or contemplation of section 399 of the General Business Law. Nor does the agreement impose a continuing financial burden upon a businessman, as did the agreement in *Peerless Towel Supply Co.* v. *Triton Press* (3 A D 2d 249). There is no binding statement to the contrary in *Melodies, Inc.* v. *La Pierre* (4 A D 2d 982). Triable issues are presented, particularly as to whether the whole agreement between the parties includes the payment of a bonus for each renewal term and as to the effect of the oral modification of the agreement during the first term. Appeal from judgment dismissed, without costs. No appeal lies to this court from such judgment. (Cf. Civ. Prac. Act, § 623; *Shuffian* v. *Garfola,* 9 A D 2d 910 and cases there cited.) Wenzel, Acting P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Beldock, J., concurs in the dismissal of the appeal from the judgment but dissents from the affirmance, with modification, of the order of the Appellate Term, and votes to affirm said order without modification, with the following memorandum: On September 10, 1955 the parties contracted that appellant would install a coin-operated phonograph in respondent's restaurant, supply the instrument with records, and service it. The receipts were to be divided in a manner set forth in the agreement. The duration of the agreement was for three years, to be renewed automatically unless either party gave the other written notice of intention to cancel 30 days prior to the expiration of the term. Section 399 of the General Business Law provides that no provision in a lease of personal property, similar to the one just mentioned, shall be operative unless the lessor gives notice to the lessee of the existence of such a provision within a specified time. Neither party gave notice of cancellation of the agreement prior to the expiration thereof on September 10, 1958, nor did appellant give respondent the notice required by section 399 of the General Business Law. The question is whether the agreement of September 10. 1955 is a lease of personal property within the meaning of the statute, in which event, since appellant did not comply therewith, the determination of the

Appellate Term must be affirmed with respect to respondent's motion. In my opinion, there was a lease by appellant to respondent within the meaning and intent of section 399 of the General Business Law, despite the fact that there may have been a license granted by respondent to appellant to use respondent's premises for the placing of the machine. (*Peerless Towel Supply Co.* v. *Triton Press*, 3 A D 2d 249; *Melodies, Inc.* v. *La Pierre*, 4 A D 2d 982.)